IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02097-BNB

DARRELL K. SCOTT,

    Plaintiff,

v.

JOHN HICKENLOOPER, Governor, State of Colorado,
BILL RITTER, Former Governor, State of Colorado,
JOHN W. SUTHERS, Attorney General, State of Colorado,
TOM CLEMENTS, Executive Director, CDOC,
ARISTIDES, ZAVARES, Former Executive Director, CDOC,
REA TIMME, Warden, CTCF,
PAMELA PLOUGLE, Former Warden, CTCF,
DAVID TESSLER, Health Services Administrator, CTCF,
JOYCE CROUNK, Former Health Services Administrator, CTCF,
JAY A. RICHTER, M.D., Health Services Physician, CTCF,
LANCE MIKLICH, Major #1917, CTCF,
AMORY QUINN, President, Cotter Corporation,
JOHN HAMRICK, Vice President, Cotter Corporation,
FRANK PACE, President, General Atomics,
MIKE STIEHL, Commissioner, Fremont County,
JOHN V. BUGLEWICZ, M.D., Health Services Physician, CTCF, and
    Fremont County Commissioner,
KEVIN GRANTHAN, Colorado State Senator, R-Cañon City,
ALANO MAYES, City Attorney, Cañon City,
DAVID SHOEMAKER, Lieutenant, CTCF,
GARY SULLIVAN, Former Sergeant, CTCF,
CHRISTINA TURNER, Sergeant, CTCF,
ROBERT BURNS, Correctional Officer, CTCF,
DANIEL BRATINA, Correctional Officer, CTCF,
JOHN DOE #2, President, J-Cor Mechanical,
JOHN DOE #3, President, Mountain Masonry,
RODNEY ACHEN, Food Services Captain, CTCF, and
R. BOYKIN, Sergeant, CTCF,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Darrell K. Scott, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Colorado Territorial Correctional Facility (CTCF) in Cañon City, Colorado.  Mr. Scott filed *pro se* a prisoner complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1) for declaratory and injunctive relief, including the immediate evacuation and closure of CTCF.  He has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

The Court must construe the complaint liberally because Mr. Scott is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  Under § 1983, a plaintiff must allege that the defendants have violated his or her rights under the Constitution and laws of the United States while they acted under color of state law.  *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970).  For the reasons stated below, Mr. Scott will be ordered to file an amended complaint.

Mr. Scott's forty-one-page complaint fails to provide a short and plain statement of his claims in compliance with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The complaint is unnecessarily verbose, repetitive, and fails to demonstrate clearly and succinctly the personal participation of each named defendant in the alleged constitutional violations.

Mr. Scott primarily complains about the conditions of his confinement, asserting three separate claims of Eighth Amendment violations, one of which (claim three) is postured as a Fourteenth Amendment violation.  He specifically complains about exposure to toxins ranging from uranium tailings to asbestos, and generally contends

that the defendants knew or should have known about these toxic contaminants for years but chose not to address them in a timely manner. He speculates that the conditions of his confinement, such as food made with contaminated water and the remodeling of his prison facility, are exposing him to an unreasonable risk of serious harm. He vaguely cites to "changes in his physical health" (ECF No. 1 at 32) and a number of symptoms he is experiencing, such as photosensitivity and dryness of his eyes, discoloration on finger and toe nails, rashes, peeling skin and blistering on his buttocks and feet, dry mouth, and hair loss. *Id.* at 35-36. He attributes these changes to the conditions of his confinement.

Mr. Scott's complaint speculates that he and other inmates have been injured by the conditions of their confinement. However, Mr. Scott lacks standing to assert the rights of other inmates. The United States Constitution requires that a party seeking to invoke the jurisdiction of the federal courts must demonstrate that he has suffered some actual or threatened injury, that the injury was caused by the defendants, and that a favorable judicial decision is likely to redress the injury. *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982); *Hackford v. Babbitt*, 14 F.3d 1457, 1464 (10th Cir. 1994). To the extent Mr. Scott fails to demonstrate any actual or threatened injury as a result of the conditions of his confinement, he lacks standing to assert claims concerning those conditions. *See Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1295-96 (10th Cir. 1980).

In addition, to the extent Mr. Scott seeks to hold any individuals liable under § 1983, he must name such individuals in the caption of the complaint and allege facts in

the text of the complaint to show each individual defendant's personal participation in a deprivation of his constitutional rights. *See Bennett v. Passic,* 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). A supervisor is only liable for a constitutional violation that he or she has caused. *See Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010). Accordingly, there must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *see also Richardson*, 614 F.3d at 1200-1201 ("[D]efendant-supervisors may be liable under § 1983 [or *Bivens*] where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)). Supervisors cannot be held liable merely because of their supervisory positions. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). This is because "§ 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008). Under § 1983, Mr. Scott must allege that the defendants have violated his rights under the Constitution and laws of the United States while they acted under color of state law. *Adickes*, 398 U.S. at 150.

Mr. Scott may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Scott uses fictitious names he must provide sufficient information about each defendant

so that he or she can be identified for purposes of service. Mr. Scott also must provide the full address for each named defendant so that each defendant can be properly served.

The amended Prisoner Complaint Mr. Scott will be directed to file also must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Neither the Court nor the defendants are required to guess in order to determine the specific factual allegations that are being asserted in support of each claim. The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

In order to comply with Rule 8, Mr. Scott must provide "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). In particular, he "must explain what each defendant did to him or her; when the defendant did it; how the

defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). At the same time, "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.* Therefore, Mr. Scott's amended complaint must provide a clear and concise statement of the claims he is asserting. The Court will not consider any claims raised in separate amendments, supplements, motions, or other documents that are not included in the amended complaint.

Accordingly, it is

ORDERED that Plaintiff, Darrell K. Scott, file **within thirty days from the date of this order** an amended complaint that complies with the directives of this order. It is

FURTHER ORDERED that Mr. Scott shall obtain the Court-approved Prisoner Complaint form (with the assistance of his or their case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov for use in filing the amended complaint. It is

FURTHER ORDERED that, if Mr. Scott fails to file an amended complaint that complies with this order within the time allowed, the Court will dismiss the complaint and this action without further notice.

DATED November 5, 2012, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge