IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02097-BNB

DARRELL K. SCOTT,

    Plaintiff,

v.

JOHN HICKENLOOPER,
TOM CLEMENTS,
REA TIMME,
DAVID TESSLER,
JOHN V. BUGLEWICZ, M.D.,
JAY A. RICHTER, M.D.,
MIKE STIEHL,
ALANO MAYES,
RODNEY ACHEN,
DANIEL BRATINA,
JOHN DOE #1, and
JOHN DOE #2,

    Defendants.

ORDER OF DISMISSAL

    Plaintiff, Darrell K. Scott, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Colorado Territorial Correctional Facility (CTCF) in Cañon City, Colorado.  Mr. Scott filed *pro se* a forty-one-page prisoner complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1) for declaratory and injunctive relief, including the immediate evacuation and closure of CTCF.  He has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

    On November 5, 2012, Magistrate Judge Boyd N. Boland ordered Mr. Scott to file an amended complaint that complied with the pleading requirements of Rule 8 of the

Federal Rules of Civil Procedure and asserted the personal participation of each named Defendant in the alleged constitutional violations.  Magistrate Judge Boland  warned Mr. Scott that if he failed to file an amended complaint that complied with the November 5 order as directed within the time allowed, the complaint and the action would be dismissed without further notice.

On February 11, 2013, Mr. Scott submitted a twenty-seven-page amended prisoner complaint pursuant to § 1983, among other statutory authority, seeking money damages.  The Court must construe the amended complaint liberally because Mr. Scott is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  Under § 1983, a plaintiff must allege that the defendants have violated his rights under the Constitution and laws of the United States while they acted under color of state law.  *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970).  For the reasons stated below, the amended complaint will be dismissed.

Like the complaint he originally filed, Mr. Scott's amended complaint fails to provide a short and plain statement of his claims in compliance with the pleading requirements of Fed. R. Civ. P. 8.  Although Mr. Scott has reduced the named Defendants from twenty-seven in the original complaint to twelve in the amended complaint, the amended complaint remains unnecessarily verbose and, more importantly, fails to demonstrate clearly and succinctly the personal participation of each named Defendant in the alleged constitutional violations.

Mr. Scott complains about the conditions of his confinement, asserting three separate claims of Eighth Amendment violations.  He specifically complains about his exposure to environmental and water toxins and the CTCF location within 8,000 feet from an Environmental Protection Agency Superfund cleanup site, formerly the Cotter Uranium Mill (claim one); the denial of appropriate and timely medical care for health problems, including those resulting from exposure to environmental and water toxins, such as radiation and toxic chemical exposure (claim two); and the unsafe conditions of his confinement at CTCF, including but not limited to airborne friable asbestos, cockroaches, and rodents.

In the November 5 order for an amended complaint, Magistrate Judge Boland explained how Mr. Scott must allege the personal participation of each named Defendant.  See ECF No. 10 at 3-5.  However, instead of asserting as part of the appropriate claim or claims the role each Defendant allegedly played in violating his constitutional rights, Mr. Scott creates a separate section for that information.  *See* ECF No. 18 at 19-24.  This organization requires the Court, and each Defendant, to speculate as to which claim or claims in the amended complaint is asserted against which Defendant.

Mr. Scott must present his claims in a manageable format that allows the Court and Defendants to know with certainty what claims are being asserted against which defendants so that they are able to respond to those claims.  Mr. Scott has failed to allege, simply and concisely, his specific claims for relief, including the specific acts of each Defendant that allegedly violated his rights.  Neither the Court nor Defendants is required to sift through Mr. Scott's allegations to determine against which Defendant or

Defendants they are asserted.  As Magistrate Judge Boland informed Mr. Scott in the November 5 order for an amended complaint, the general rule that *pro se* pleadings must be construed liberally has limits and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *See* ECF No. 10 at 5 (citing *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)).  Mr. Scott has failed to comply with Rule 8 because he has failed to "explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).  Therefore, the amended complaint will be dismissed.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Scott files a notice of appeal he also must pay the full $455.00 appellate filing fee or file a motion to proceed in forma pauperis in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the amended Prisoner Complaint (ECF No. 18) filed on February 11, 2013, and the action are dismissed without prejudice pursuant to Rules 8 and 41(b) of the Federal Rules of Civil Procedure for the failure of Plaintiff, Darrell K. Scott, to comply with the pleading requirements of Rule 8 and the directives of the order of November 5, 2012, for an amended complaint.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this 14th day of    February   , 2013.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court